UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| LISA HALL, | : | |
| | : | |
| Plaintiff, | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 07-CV-911 (JCH) |
| FAMILY CARE VISITING NURSE AND | : | |
| HOME CARE AGENCY, LLC AND | : | |
| FAMILY CARE PLUS, LLC, | : | |
| | : | |
| Defendant. | : | NOVEMBER 8, 2007 |

**RULING ON DEFENDANT FAMILY CARE PLUS'S
MOTION TO DISMISS (Doc. No. 19)**

## I.   INTRODUCTION

Plaintiff Lisa Hall brings this action against defendants Family Care Visiting Nurse and Home Care Agency, LLC ("FCVN") and Family Care Plus, LLC ("FCP") alleging that her employment termination from FCVN was unlawful in violation of Title VII of the Civil Rights Act of 1964 as amended by the Civil Rights Act of 1991, and in violation of the Connecticut Fair Employment Practices Act ("CFEPA"), Connecticut General Statute section 46a-60(a)(1).  See Complaint (Doc. No. 1).  Pursuant to Federal Rule of Civil Procedure 12(b)(6), FCP moves to dismiss Hall's Complaint for failure to state a claim upon which relief can be granted.  See Def.'s Mot. to Dismiss ("Def.'s Mot.") at 1 (Doc. No. 19).  For the following reasons, FCP's Motion is denied.

1

## II.     FACTS[1]

On January 23, 2006, Hall began employment with FCP as an "Assisted Living Specialist."  Complaint at 1.  FCP provides healthcare services "through 24-hour live-in care, hourly home health aides, homemakers and companions."  Id.  Hall's duties involved marketing FCP's healthcare services to assisted living homes in Connecticut and New York.  During her first three months in this position, Hall received several positive reports from her supervisor "on her quick progression and adaptation to the company."  Id. at 3.

On April 20, 2006, Tom Harvey, Director of Sales for FCVN, offered Hall a sales position at FCVN based on the positive reviews she was getting for her work at FCP.  Harvey had already cleared the transfer with Brian Krett, a member of the Krett family, which is the sole owner of FCP and FCVN.  FCVN is a wholly owned subsidiary of FCP and is not independently capitalized.  Id. at 2-4.

Hall left FCP on May 2, 2006 and began working at FCVN on May 3, 2006.  She was told that she would not have to wait the 90-days usually required before new hires receive medical benefits because her start date would remain February 6, 2006, her start date at FCP.

On June 26, 2006, Hall received a call from a client asking whether FCVN would be able to accept new clients due to a newly passed state regulation.  When Hall raised this question with Harvey, he told her FCVN would "absolutely" be able to solicit these potential clients and that the new regulation would have "no effect" on FCVN's business

---

[1]The following facts are taken from the plaintiff's Complaint (Doc. No. 1).

operations. Complaint at 5. Following that meeting, Hall met with Harvey to inform him that she was pregnant with twins and intended to return to work after having the babies. Harvey told Hall that he could no longer hire women and would "have to start hiring guys only." Complaint at 5-6.

On June 29, 2006, Harvey terminated Hall claiming the company needed to cut costs as a result of the new healthcare regulation. The only other person fired from Hall's office was another pregnant woman.

### III.     STANDARD OF REVIEW

In deciding a motion to dismiss, the court takes the allegations of the Complaint as true, and construes them in a manner favorable to the pleader.  See Hoover v. Ronwin, 466 U.S. 558, 587 (1984). A motion to dismiss for failure to state a claim, pursuant to Rule 12(b)(6) tests only the adequacy of the complaint. United States v. City of New York, 359 F.3d 83, 88 (2d Cir. 2004). A Rule 12(b)(6) motion to dismiss cannot be granted simply because recovery appears remote or unlikely on the face of a complaint. Bernheim v. Litt, 79 F.3d 318, 321 (2d Cir. 1996). In deciding a motion to dismiss, "[t]he issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Id. (internal quotations omitted). However, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1964-5 (2007).

## IV. DISCUSSION

Defendants argue that Hall has failed to state a claim against FCP because she has not alleged facts sufficient to show that "one company owns the other" such that a claim against FCVN would support a claim against FCP. Def.'s Mem. at 2-5. The Second Circuit has held that "parent companies may be considered employers of a subsidiary's employees" for the purposes of Title VII when evidence shows that the two companies have "(1) interrelation of operations, (2) centralized control of labor relations, (3) common management, and (4) common ownership or financial control." Cook v. Arrowsmith Shelburne, Inc., 69 F.3d 1235, 1240-1 (2d Cir. 1995). The question of whether the two companies have "centralized control of labor relations" is a "crucial element" of this "integrated enterprise" rule. See Parker v. Columbia Pictures Industries, 204 F.3d 326, 341 (2d Cir. 2000).

Taking the allegations of the Complaint as true, the court finds that Hall has sufficiently stated a claim against FCP pursuant to Title VII. Hall alleges that FCP and FCVN are owned by the same family, the Kretts, and that FCVN is a wholly owned subsidiary of FCP. Complaint at 2-3. These facts support a claim that the two companies were under "common ownership or financial control" and had "common management." Cook, 69 F.3d at 1240. Hall alleges that Harvey "heard many good things" about her work at FCP, "cleared" her transfer from FCP to FCVN with a member of the Krett family, and that FCVN considered her start date to have been her start date with FCP for the purposes of her benefits. Complaint at 3-4. These facts support a claim that operations between the two companies were interrelated, and that labor relations between the two companies were centralized. See Cook, 69 F.3d at 1240.

Therefore, the court concludes that Hall has stated a claim against FCP pursuant to Title VII.

Connecticut state courts "look to federal employment discrimination law for guidance in enforcing the CFEPA." Zoldak v. Tacala, Inc., 2000 WL 1576419 *4 n.13 (D.Conn. 2000)(citing Levy v. Commission on Human Rights and Opportunities, 35 Conn.App. 474, 480 (1994). Therefore, Hall states a claim under the CFEPA for the same reasons that she states a claim under Title VII. Id.

**V.　CONCLUSION**

For the forgoing reasons, FCP's Motion to Dismiss (Doc. No. 19) is DENIED.

**SO ORDERED**

Dated at Bridgeport, Connecticut this 8th day of November, 2007.

　/s/ Janet C. Hall　
Janet C. Hall
United States District Judge