UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **LISA HALL,** | : | **CIVIL ACTION NO.:** |
| | : | **3:07-CV-00911 (JCH)** |
| **Plaintiff,** | : | |
| | : | |
| **V.** | : | |
| | : | |
| **FAMILY CARE VISITING NURSE** | : | |
| **AND HOME CARE AGENCY, LLC** | : | |
| **AND FAMILY CARE PLUS, LLC,** | : | **JUNE 10, 2008** |
| | : | |
| **Defendants.** | : | |

## PLAINTIFF'S OBJECTION TO DEFENDANT'S MOTION TO COMPEL DISCOVERY

Plaintiff Lisa Hall hereby submits this Objection to Defendant Family Care Visiting Nurse and Home Care Agency, LLC's Motion To Compel Discovery dated May 30, 2008. Defendant seeks to compel plaintiff to respond to Interrogatory Nos. 19, 20 and Document Request No. 9.

### *PRELIMINARY STATEMENT*

Interrogatory No. 19 asks "Have you ever been a party to a lawsuit other than the present one?" As of June 10, 2008, plaintiff has provided defendant with a full and complete response to this interrogatory, disclosing that she has never been a party to a lawsuit other than the present one. (See Plaintiff's Supplemental Responses attached hereto as Exhibit A.) Plaintiff advised defendant throughout discovery that nearly ten years ago, she felt she had been unfairly terminated by a former employer. Plaintiff's counsel allowed this area to be explored during plaintiff's deposition, objecting only when the questioning began to touch upon whether a

settlement had been reached. At the time of plaintiff's deposition, plaintiff's counsel was unsure whether a litigation had ever been commenced, the terms of any settlement, or whether plaintiff was bound by any confidentiality obligations. On or about June 2, 2008, plaintiff's counsel became aware (through confidential material provided by plaintiff's prior counsel) that plaintiff's complaints against her former employer never became the subject of any state or federal lawsuit and that plaintiff was bound by a broad confidentiality provision obligating her not to disclose any information regarding the termination of her employment with "Company X." Once this information was reviewed, plaintiff supplemented her response to Interrogatory No. 19.

Answering Interrogatory No. 19 in the negative results in Interrogatory No. 20 becoming moot. Accordingly, the only remaining issue in dispute is defendant's allegation that plaintiff has not fully complied with Document Request No. 9, which seeks: "All documents referred to or utilized in preparing responses to FCVN's First Set of Interrogatories." In connection with this Request, defendant specifically states it is seeking production "of the settlement agreement, if any, surrounding [plaintiff's] termination from "Company X." (Defendant's Motion to Compel at 1.)

As an initial matter, plaintiff maintains all objections previously asserted in connection with this request. Moreover, while plaintiff's counsel reviewed material (provided by plaintiff's former counsel) in order to respond to Interrogatory No. 19, these documents are confidential, protected by the attorney/client privilege and are not likely to lead to the discovery of admissible evidence. Indeed, defendant's entire line of inquiry regarding prior lawsuits is improper in the Second Circuit and defendant has provided no relevant case law to support additional disclosure by plaintiff.

## *ARGUMENT*

Plaintiff has now supplied defendant with a full and complete response to Interrogatory No. 19, affirmatively stating that she has never been a party to a lawsuit prior to the present action. Accordingly, Interrogatory No. 20 is moot, leaving only Document Request No. 9 in dispute. The only disputed issue related to Document Request No. 9 involves the documents reviewed by plaintiff's counsel to make the termination that she has not been a "party to a lawsuit other than the present one." Plaintiff's counsel reviewed documents comprising 8 sheets of paper in order to answer Interrogatory No. 19. These documents, however, have not been produced as they are confidential, protected by attorney-client privilege and not likely to lead to the discovery of admissible evidence. Indeed, even if plaintiff had been a party to another lawsuit, the Second Circuit only permits discovery on this issue in very limited circumstances, none of which are present here. See Outley v. City of New York, 837 F.2d 587, 593 (2d Cir. 1988).

Moreover, the case law relied on by defendant is inapposite and does not reflect the controlling law of this Circuit. For example, Graham v. Casey's General Stores, 206 F.R.D. 251 (S.D. Ill. 2002), involved an employer who served a *nonparty* request on the plaintiff's immediately preceding employer. The court allowed the nonparty discovery holding that it could be relevant to the issue of whether plaintiff had filed previous frivolous claims. Id. at 256. Here, there is no allegation that plaintiff's current case or any alleged prior claims are or were frivolous. Similarly, in Gastineau v. Fleet Mortgage Corporation, 137 F.3d 490 (7th Cir. 1998), the court allowed discovery as to plaintiff's earlier lawsuits, holding that the evidence sought

"tends to establish something other than [plaintiff's] propensity to sue his employers." <u>Id</u>. In that case, there was an allegation or suspicion that the plaintiff had manufactured documents to support his claim of discrimination. The defendant in <u>Gastineau</u> had reason to believe that the plaintiff had similarly manufactured documents to support a claim he brought against his immediately preceding employer. Accordingly, the Seventh Circuit held that the information sought could feasibly show plaintiff's "modus operandi of creating fraudulent documents in anticipation of litigation against his employers." <u>Id</u>. at 495. Such is simply not the case here.

Indeed, the court in <u>Gastineau</u> sets out a four part test used to determine whether evidence of prior lawsuits is proper: (1) the evidence must establish something other than a propensity to sue; (2) the other act must be similar to the instant case and close in time; (3) the evidence must be clear to the jury that the party committed the act in question; and (4) the prejudicial effect must not outweigh the probative effect. <u>Id.</u> at 495-96. Defendant has failed to address any of these factors, as to do so would lead to the unavoidable conclusion that the information defendant seeks is not a proper area for discovery. As for the first factor, defendant has pointed to no other reason to seek information of prior lawsuits other than to show a propensity to sue. Indeed, defendant seems to admit as much when stating its reason for seeking such information. *To wit*: "Whether plaintiff benefited financially from any settlement is directly related to her motive for bringing this lawsuit." (Defendant's Memorandum at 3.) Defendant also cannot satisfy the second element, in that plaintiff's prior complaint against her previous employer was based on a different theory of liability and occurred nearly ten years ago. As for the third element, plaintiff has affirmatively stated that there was no prior lawsuit. Finally, to raise these issues at trial would clearly result in unfair prejudice given the failure to meet the above three

elements. Accordingly, even relying on the Seventh Circuit case law cited by defendant, this line of inquiry is improper.

Moreover, in <u>Gastineau</u> the Seventh Circuit recognizes the controlling law of the Second Circuit and sites with approval <u>Outley v. City of New York</u>, 837 F.2d 587, 593 (2d Cir. 1988). A quick review of <u>Outley</u> reveals that the controlling law in this Circuit undermines defendant's position. In <u>Outley</u>, plaintiff brought a civil rights action in which the jury found for the defendants. On appeal, the Second Circuit Court of Appeals found that the defendant's effort to paint plaintiff as a "chronic litigant" was improper. Defendants argued that its evidence of previous lawsuits by plaintiff was offered simply to impeach the plaintiff. The Second Circuit, rejecting this argument, stated that "[t]he charge of litigiousness is a serious one, likely to result in undue prejudice against the party charged, unless the previous claims made by the party are shown to have been fraudulent." <u>Id.</u> at 592.

The court in <u>Outley</u> analyzed the argument by defendant that the evidence should be admissible under Rule 404(b) of the Federal Rules of Evidence as evidence of other crimes, wrongs or acts in order to prove motive, opportunity, intent and the like. The court, utilizing a Rule 404(b) analysis, held that "[t]he total impact of the evidence was to show that [plaintiff] is 'claim-minded' and that the claims before the court were just two more in a long line of lawsuits. Excepting this type of evidence from the general rule of 404(b) would permit an exception to swallow the rule." <u>Id.</u> at 593.

Accordingly, the court in <u>Outlay</u> finds that evidence of prior lawsuits must first be shown to be unjustified (i.e., fraudulent), and then will only be admissible in the most rare circumstances. In general, however, any evidence of litigiousness must be excluded. <u>See also</u>

Constantino v. Herzog, M.D., 203 F.3d 164, 176 (2d Cir. 2000) (holding that examples of litigiousness are not appropriately placed before trier of fact). In fact, discovery of prior claims, such as those propounded by defendant in this case, are routinely rejected. For example, in Malloy v. Wayne Laboratories, Inc., 95 F.R.D. 488 (D.Mass. 1982), the court addressed the question of "whether information regarding any other lawsuits and/or employment discrimination charges which plaintiff may have filed against any of his prior employers is relevant to the subject matter of his lawsuit" and whether such information was discoverable. Id. at 489. Defendant sought such information claiming it was reasonably calculated to lead to the discovery of admissible evidence and properly within the scope of discovery. The court, noting the strong preference against such discovery and the chilling effect is has on a litigant's rights, stated that the defendant:

> [H]as put nothing before this Court to support its contention that [plaintiff] is either "hypersensitive" or "trigger-happy" other than [defendant's] "suspicion" that they *might* discover something to support that theory. This is a fishing expedition into irrelevant waters.

Id. at 490 (emphasis in original). The court then denied defendant's motion to compel such information. See also Hasbrouck v. Bank America Housing Services, 187 F.R.D. 453 (N.D. New York 1999) (ordering protective order on behalf of plaintiff precluding discovery sought by defendant seeking information about prior litigation and settlement with former employer).

In the instant case, defendant offers absolutely no evidence that the plaintiff engaged in any wrongful, fraudulent or frivolous conduct. Moreover, the complaint in question is nearly ten years old, was based on a different theory of liability, was never part of any state or federal litigation, and, accordingly, has no bearing on the present action.

## *CONCLUSION*

For the foregoing reasons, plaintiff respectfully requests that defendant FCVN's Motion to Compel be denied in its entirety.

By_____ /S/_____
Mary Alice S. Canaday (ct17608)
Scott R. Lucas (ct00517)
Claire E. Ryan (ct22145)
Martin, Lucas & Chioffi, LLP
177 Broad Street
Stamford, CT 06901
Phone: (203) 973-5200
Fax: (203) 973-5250
mcanaday@mlc-law.com
slucas @mlc-law.com
cryan@mlc-law.com
**Attorneys for Plaintiff Lisa Hall**

## *CERTIFICATE OF SERVICE*

This is to certify that on this 10th day of June, 2008, a copy of the foregoing was filed electronically [and served by mail on anyone unable to accept electronic filing]. Notice of this filing will be sent by e-mail to all parties, as listed below, by operation of the Court's electronic filing system [or by mail to anyone unable to accept electronic filing]. Parties may access this filing through the Court's system.

Christopher L. Brigham, Esq.
Updike, Kelley & Spellacy, P.C.
265 Church Street
New Haven, CT 06510
Phone: (203) 786-8310
Fax: (203) 772-2037
cbrigham@uks.com

Dawn E. Alderucci, Esq.
Updike, Kelley & Spellacy, P.C.
One State Street, P.O. Box 231277
Hartford, CT 06123
Phone: (860) 548-2621
Fax: (860) 548-2680
dalderucci@uks.com

Neal L. Moskow, Esq.
Ury & Moskow, LLC
883 Black Rock Turnpike
Fairfield, CT 06825
Phone: (203) 610-6393
Fax: (203) 610-6399
neal@urymoskow.com

_____/S/_____
Mary Alice S. Canaday (ct17608)
Martin, Lucas & Chioffi, LLP
177 Broad Street
Stamford, CT 06901
Phone: (203) 973-5200
Fax: (203) 973-5250
mcanaday@mlc-law.com

# EXHIBIT A

# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| LISA HALL, | : | **CIVIL ACTION NO.:** |
| | : | 3:07-CV-00911 (JCH) |
| Plaintiff, | : | |
| | : | |
| V. | : | |
| | : | |
| FAMILY CARE VISITING NURSE | : | |
| AND HOME CARE AGENCY, LLC | : | |
| AND FAMILY CARE PLUS, LLC | : | **JUNE  10, 2007** |
| | : | |
| Defendant. | : | |

## PLAINTIFF'S SECOND SUPPLEMENTAL RESPONSES TO DEFENDANT FAMILY CARE VISITING NURSE & HOME CARE AGENCY, LLC'S FIRST SET OF INTERROGATORIES DATED NOVEMBER 8, 2007

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, plaintiff Lisa Hall hereby objects and responds to defendant Family Care Visiting Nurse and Home Care Agency, LLC's First Set of Interrogatories dated November 8, 2007 as follows:

### *GENERAL OBJECTIONS*

1.      Plaintiff objects to the interrogatories in their entirety insofar as they seek disclosure of communications protected by the attorney/client privilege and/or work product doctrine, or information covered by other evidentiary privileges. Any disclosure of information protected by any such privilege shall be deemed inadvertent and shall not constitute a waiver of such privilege.

489324

2.      Plaintiff objects to responding to any interrogatory by producing anything that she has acquired in discovery in this proceeding regarding the subject matter of the interrogatory or document request.

3.      Plaintiff objects to the interrogatories in their entirety insofar as they seek to impose duties beyond those required by the Federal Rules of Civil Procedure.

4.      Plaintiff objects to the interrogatories to the extent that they call for the production of information that is not in the possession, custody or control of plaintiff.

5.      Plaintiff objects to the interrogatories insofar as they are designed to annoy, embarrass, oppress or subject plaintiff to undue burden or expense.

6.      Plaintiff objects to those interrogatories that are duplicative or cumulative and as to which information may be, or has been, obtained from another source that is more convenient, less burdensome, or less expensive.

## INTERROGATORIES

19.      Have you ever been a party to a lawsuit other than the present one?

*OBJECTION:* Plaintiff objects to this request on the grounds that it is overly broad and not reasonably calculated to lead to the discovery of admissible evidence.

*ANSWER:* No.

20. If the answer to the immediately preceding interrogatory is in the affirmative, state:
   a.   the name of the lawsuit;
   b.   whether you were the plaintiff or defendant;
   c.   the nature of the lawsuit;
   d.   the court in which the lawsuit was filed;
   e.   the date the lawsuit was filed; and
   f.   the ultimate disposition of the lawsuit.

   ***OBJECTION:*** Plaintiff objects to this request on the grounds that it is overly broad and not reasonably calculated to lead to the discovery of admissible evidence.

   ***ANSWER:*** Not applicable.

**STATE OF CONNECTICUT**    )
                                   )     **SS: Stamford**
**COUNTY OF FAIRFIELD**     )

      Lisa Hall, being first duly sworn on oath, says that she is the plaintiff herein and as such is authorized to make this verification; that she has read the foregoing answers and knows the contents thereof; that said answers were prepared with the assistance and advice of counsel upon whose advice she has relied; that the answers set forth herein, subject to inadvertent or undiscovered errors, are based on, and therefore necessarily limited by, the records and information still in existence, presently recollected and thus far discovered in the course of the preparation of these answers; that she consequently reserves the right to make any changes in the answers if it appears at any time that omissions or errors have been made therein or that more accurate information is available; that subject to the limitations set forth herein, said answers are true to the best of her knowledge, information and belief.

                                                  *Lisa Hall*
                                                  Lisa Hall

Subscribed and sworn to before me this
10th day of June, 2008.

Notary Public
My Commission Expires:

BONNIE K. FORD-WOJNA
Notary Public-Connecticut
My Commission Expires
January 31, 2012

4

*As to all objections:*

By _____

Scott R. Lucas (ct00517)
Mary Alice S. Canaday (ct17608)
Claire E. Ryan (ct22145)
*Attorneys for Plaintiff Lisa Hall*
Martin, Lucas & Chioffi, LLP
177 Broad Street
Stamford, CT 06901
Phone: (203) 973-5200
Fax: (203) 973-5250
slucas@mlc-law.com
mcanaday@mlc-law.com
cryan@mlc-law.com

5

### CERTIFICATE OF SERVICE

This is to certify that on this 10th day of June, 2008, a copy of the foregoing was faxed and then mailed, first class, postage prepaid to:

Christopher L. Brigham, Esq.
Updike, Kelley & Spellacy, P.C.
265 Church Street
New Haven, CT 06510
Phone: (203) 786-8310
Fax: (203) 772-2037
cbrigham@uks.com

Dawn E. Alderucci, Esq. *[AND BY FAX]*
Updike, Kelley & Spellacy, P.C.
One State Street, P.O. Box 231277
Hartford, CT 06123
Phone: (860) 548-2621
Fax: (860) 548-2680
dalderucci@uks.com

Neal L. Moskow, Esq.
Frederic S. Ury, Esq.
Ury & Moskow, LLC
883 Black Rock Turnpike
Fairfield, CT 06825
Phone: (203) 610-6393
Fax: (203) 610-6399
neal@urymoskow.com
fred@urymoskow.com

Scott R. Lucas