```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT
                                    :
LISA HALL                           :
                                    :
        v.                          :    CIV. NO. 3:07CV911 (JCH)
                                    :
FAMILY CARE VISITING NURSE,         :
AND HOME CARE AGENCY, LLC           :
AND FAMILY CARE PLUS, LLC           :
```

<u>RECOMMENDED RULING ON PLAINTIFF'S MOTION TO FILE AN AMENDED
COMPLAINT [Doc. # 43]</u>

Pursuant to Rule 15(a) of the Fed. R. Civ. P, plaintiff seeks to amend the Complaint filed on June 11, 2007, to add retaliation claims under Title VII and the Connecticut Fair Employment Practices Act.

<u>Standard</u>

Rule 15(a) requires that a court's permission to amend a pleading "shall be freely given when justice so requires." <u>See</u> Rule 15(a), Fed. R. Civ. P. The decision whether to grant leave to amend is within the court's sound discretion. <u>See</u> <u>Foman v. Davis</u>, 371 U.S. 178, 182 (1962). As <u>Foman</u> "makes equally and explicitly clear, that discretion must be exercised in terms of a justifying reason or reasons consonant with the liberalizing `spirit of the Federal Rules.'" <u>United States v. Continental Illinois Nat'l Bank & Trust</u>, 889 F.2d 1248, 1254 (2d Cir. 1989) (quoting Rule 1, Fed. R. Civ. P., which states that rules are to be construed "to secure the just, speedy, and inexpensive determination of every action."). "[L]eave to amend need not be

1

granted with respect to amendments which would not serve any purpose."  3 James Wm. Moore et al., Moore's Federal Practice ¶15.08, 15-8081 (2d Ed. 1996); Foman, 371 U.S. at 182 ("futility of amendment" is a justifying reason to deny amendment.).

Discussion

This requested amendment arises from a series of actions undertaken by defendants which came to plaintiff's attention through depositions conducted in late April and early May, 2008. Plaintiff claims the deposition testimony supports the discrimination counts originally pled and the new state and federal claims of retaliation she now seeks to add. Plaintiff asserts that the deposition testimony made it clear that management was aware that plaintiff offered to work fewer hours with a reduction in pay and also expressed an interest in being re-hired.

FCVN objects to the amendment as untimely and prejudicial, and claims the allegations are factually flawed. FCVN has already served its discovery on the plaintiff and the discovery deadline has passed. FCVN claims that if the plaintiff is allowed to amend her complaint, FCVN will need to issue supplemental written discovery requests and re-notice the plaintiff's deposition.

   A. Untimely

Defendant contends that its production of two job postings in response to document requests seeking documents relating to defendant's hiring efforts from 2006 to date should have alerted

2

plaintiff to the potential claim of retaliation at the time of their production.

Plaintiff states the job postings without more were not enough to bring a retaliation complaint. In later deposition testimony, plaintiff discovered that eighteen individuals were actually hired as community liaisons, the position from which plaintiff was terminated. Accordingly, the need to include retaliation claims only became apparent to plaintiff at the conclusion of the depositions conducted in late April and early May, 2008.

### B. Prejudice

Defendants claim that they will be precluded from fully investigating new allegations because the discovery deadline has passed.

### C. Merit

Defendant contends that failure to rehire cannot constitute a valid claim of retaliation. Both parties rely on <u>Burlington v. White</u>, 548 U.S. 53, 126 S.Ct. 2405 (June 22, 2006), to support their respective merit arguments. In <u>Burlington</u>, the Court held that a reassignment of duties can constitute retaliatory discrimination where both the former and present duties fall within the same job description. <u>Id</u>. A plaintiff must show that a reasonable employee would have found the challenged action materially adverse, which would dissuade a reasonable worker from making or supporting a charge of discrimination. <u>Id</u>. Under <u>Burlington</u>, it is plausible that failure to rehire plaintiff

3

would provide a valid basis for a claim of retaliation.

The Court **GRANTS** plaintiff's Motion to File an Amended Complaint **[Doc. # 43]**. Discovery closed in this case on May 30, 2008. Should the defendants find it necessary to conduct additional discovery, they are to confer with plaintiff and propose a new deadline and schedule to the Court within 10 days.

Any objections to this recommended ruling must be filed with the Clerk of the Court within ten (10) days of the receipt of this order. Failure to object within ten (10) days may preclude appellate review. See 28 U.S.C. § 636(b)(1); Rules 72, 6(a) and 6(e) of the Federal Rules of Civil Procedure; Rule 2 of the Local Rules for United States Magistrates; Small v. Secretary of H.H.S., 892 F.2d 15 (2d Cir. 1989)(per curiam); FDIC v. Hillcrest Assoc., 66 F.3d 566, 569 (2d Cir. 1995).

ENTERED at Bridgeport this 10th day of December 2008.

_____/s/_____
HOLLY B. FITZSIMMONS
UNITED STATES MAGISTRATE JUDGE