UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

LISA HALL    :
             :
     v.      :    CIV. NO. 3:07CV911 (JCH)
             :
FAMILY CARE VISITING NURSE, :
AND HOME CARE AGENCY, LLC   :
AND FAMILY CARE PLUS, LLC   :

RULING ON PENDING MOTIONS

The Plaintiff has alleged claims of workplace discrimination based on sex and pregnancy.[1] Pending are defendant's Motions to Compel [Doc. ##51 and 60] and plaintiff's Motion to Compel [Doc. #41]. The Court heard oral argument on September 8, 2008 and after careful consideration rules as follows.

Standard of Review

Rule 26(b)(1) of the Federal Rules of Civil Procedure sets forth the scope and limitations of permissible discovery. Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. Fed. R. Civ. P. 26(b)(1). Information that is reasonably calculated to lead to the discovery of admissible evidence is considered relevant for the purposes of

---

[1] The plaintiff has moved to amend her complaint further alleging a cause of action for retaliation. On June 2, 2008, FCVN filed an objection to the plaintiff's motion to amend.

1

discovery.

*See* Daval Steel Prods. V. M/V Fakredine, 951 F.2d 1357, 1367 (2d Cir. 1991); Morse/Diesel, Inc. Fidelity & Deposit Co., 122 F.R.D. 447, 449 (S.D.N.Y. 1988).

**Defendant's Motion to Compel #51**

Defendant's first Motion to Compel [Doc. #51] asks that the plaintiff provide full and complete responses to Interrogatory Nos. 19 and 20, as well as complete disclosure of all the facts, circumstances and outcome(s) at her continued deposition and that plaintiff produce all documents, including the settlement agreement, if any, surrounding her termination from "Company X"[2] in response to Request for Production No. 9.

> Interrogatory No. 19 asks, "[h]ave you ever been a party to a lawsuit other than the present one?"
>
> Interrogatory No. 20 asks, "[i]f the answer to the immediately preceding interrogatory is in the affirmative, state:
>
> a.  the name of the lawsuit;
> b.  whether you were the plaintiff or defendant;
> c.  the nature of the lawsuit;
> d.  the court in which the lawsuit was filed;
> e.  the date the lawsuit was filed; and
> f.  the ultimate disposition of the lawsuit."

Plaintiff has responded to Interrogatory No. 19 in the negative, making Interrogatory No. 20 moot. Plaintiff states that her complaints against her former employer never became the subject of any state or federal lawsuit and that she is bound by

---

[2] The company name has been redacted by the Court in accordance with the standing protective order.

2

a broad confidentiality provision obligating her not to disclose any information regarding the termination of her employment with Company X.

> Document Request No. 9 seeks, "[a]ll documents referred to or utilized in preparing responses to FCVN's first set of interrogatories."

In connection with this request, defendant specifically states it is seeking production of the settlement agreement, if any, arising from [plaintiff's] termination from Company X.

Plaintiff objects that these documents are confidential, protected by the attorney/client privilege and are not likely to lead to the discovery of admissible evidence. During plaintiff's deposition, counsel allowed FCVN's counsel to proceed with cursory questions regarding an incident in the plaintiff's past whereby she was terminated from a prior employer. However, during the deposition, it was unclear what the facts and circumstances were surrounding her termination.

Plaintiff's objection to Document Request No. 9 is overruled, subject to a protective order.[3] Once an appropriate protective order is entered, plaintiff will produce the settlement agreement between plaintiff and Company X, and answer questions about her termination. Plaintiff will give notice of the Order to Company X so that it may seek to be heard on the disclosure.

---

[3]The parties are to provide the Court with a proposed stipulated protective order.

**Defendant's Motion to Compel [Doc. #60]**

Defendant's second Motion to Compel [Doc. #60] seeks full responses to all five requests contained in FCVN's Second Request for Production, dated May 8, 2008. During April, the parties conducted approximately ten (10) depositions of various fact witnesses and FCVN took the deposition of the plaintiff's expert witness. On May 8, 2008, FCVN served its second set of requests for production, to which the plaintiff responded on June 10, 2008, by objecting to all five requests.

Defendant requests the following:

1. Documentation depicting your total earnings from any employment or employment related activity including self-employment, during the period of October 1999 to December 2005; and the source or sources of such earnings. Please distinguish between salary and commissions.
2. Copies of all your Federal and State tax returns from 2000 to 2007.
3. Copies of, or written authorization, executed by you, to inspect and obtain copies of, wage and employment records from October 1999 to December 2005.
4. Copies of, or written authorization, executed by you, to inspect and obtain wage and employment records from your employment with Company X.
5. Copies of any and all documents related to any employment related claims or disputes and/or litigation between you and Company X, including, but not limited to, any documents evidencing any settlement reached between you and Company X.

Plaintiff objects that, in accordance with the court's scheduling order, these requests are untimely. The scheduling order states that, "All discovery including depositions of expert witnesses pursuant to Fed. R. Civ. P. 26(b)(4), will be completed by May 30, 2008." [Doc. #24]. These requests are dated May 8,

2007 and plaintiff had until June 7, 2008 to respond. Fed.R.Civ.P.34(b)(2)(A)(plaintiff has 30 days in which to respond to discovery requests). While the Court agrees with plaintiff's reading of the scheduling order, practicality lends a hand in this instance. Plaintiff had twenty-two days to respond before the close of discovery and did not oppose the re-opening of discovery sought by defendants in the event that plaintiff's motion to amend her complaint is granted.

FCVN has agreed that redacted tax returns for fiscal years 2000 through 2002 would satisfy Request No. 2. Plaintiff has already produced tax returns in a redacted format for 2003 through present. Plaintiff will provide her tax returns for 2000-2002 in a redacted format so as to protect plaintiff's husband's personal information.

Request Nos. 1, 3 and 4 pertain to wage and employment records from previous employers. The requests seek information from 1999 through 2005. Hall was employed by the defendants in 2006. The Court finds plaintiff's prior employment records irrelevant. Plaintiff will produce her tax returns from 2000-2007, which indicate her wage information for the relevant time period. Plaintiff's objection to Request Nos. 1, 3 and 4 is sustained.

Request No. 5 seeks similar information as Document Request No. 9, the subject of defendant's motion to compel [Doc. #51] discussed above, and will be satisfied by production of the settlement agreement between plaintiff and Company X.

5

**Plaintiff's Motion to Compel [Doc. #41]**

    **Pattern Evidence**

    Document Request No. 37 seeks, "[a]ny documents depicting or evidencing the gender of all Community Liaisons from January 2006 to present."

    Document Request No. 38 seeks, "[a]ny documents depicting, evidencing, concerning or relating to personnel changes concerning or relating to the position of Community Liaison by you in 2006."[4]

FCVN has provided an un-sworn written response stating the number of community liaisons hired since January 2006, the gender of such new hires and how many female community liaisons were hired after plaintiff's termination. At oral argument, plaintiff's counsel stated that only those who were pregnant were relevant to these requests. FCVN agreed to produce the names of those persons who were pregnant when they left the company, regardless of whether they were terminated or voluntarily left FCVN.

    **Prior Complaints of Discrimination**

    Document Request No. 3 seeks, "[a] copy of any and all documents concerning or relating to formal or informal complaints received from any employee in defendant's employ relating to discrimination, retaliation or unfair treatment in relation to sex and/or pregnancy from 2000 to date."

    Document Request No. 22 asks FCVN to "[p]rovide all complaints or similar documents in which defendant is identified as a party and/or named in any lawsuit or administrative action involving a claim of sex discrimination, retaliation or discrimination based on pregnancy directed at or involving defendant from January 2000 to present."

---

[4] After defendant's objection, plaintiff amended Document Request Nos. 37 and 38 to seek limited information.

6

Defendants object to both requests as overly broad. However, defense counsel provided limited information in a letter dated April 23, 2008. Plaintiff is not able to determine from the information provided whether any employees bringing the identified complaints were similarly situated to the plaintiff. At oral argument, FCVN stated that there was one other incident and the complainant had not been similarly situated. FCVN is to produce any documents responsive to Request Nos. 3 and 22 for that incident.

**Personnel Files for Similarly Situated Employees**

<u>Document Request No. 34</u> asks FCVN to "[p]lease provide the personnel files of all employees holding the position of Community Liaison and/or Marketing Director at any time from January 2006 to present."

Defendants object to Document Request No. 34 as overly broad, vague, burdensome and unlimited in time and scope. Document Request No. 34 is limited in scope to those employees holding plaintiff's exact position and is limited to a time period of less than three years. The Court finds this information relevant only as to those employees who are or were pregnant. Defendant is ordered to turn over the following limited information for pregnant employees holding the designated positions: performance reviews, resumes and requests for leave.

**Single-Entity Status and/or Alter Ego**

Plaintiff has named FCVN and FCP as defendants in this matter. Plaintiff was employed by FCP from February 2006 until she became employed by FCVN in May 2006. It is plaintiff's

7

contention that the two companies are legally a single entity and/or alter egos of each other. Defendant FCP made a motion to dismiss which Judge Hall denied on November 8, 2007, holding that plaintiff had sufficiently stated claims pursuant to Title VII and CFEPA against both defendants.

> Interrogatory No. 11 asks, "[i]dentify every employee who had access to your banking accounts and/or records from January 2006 through July 2006."

> Interrogatory No. 12 asks, "[i]dentify the bank account(s) from which payroll, commissions, and/or bonuses are deducted."

Defendant objects to Interrogatory Nos. 11 and 12 as exceeding the scope of discovery. As the Court finds Interrogatory No. 11 too broad, the objection is sustained. Defendants will answer Interrogatory No. 12.

> Document Request No. 35 seeks, "[a]ll documents concerning or relating to the corporate organizational structure of Family Care Visiting Nurse and Home Care Agency, LLC and Family Care Plus, LLC, including but not limited to any charts depicting same."

Defendant states that there are no documents concerning or relating to the corporate organizational structure of Family Care Visiting Nurse and Homecare Agency, LLC and Family Care Plus, LLC because they are separate corporate entities. Defendants did append an organizational chart for FCVN to their response. If there are any additional documents that would be responsive to Document Request No. 35, defendants will produce them to the Court for in camera review.

> Document Request No. 39 seeks "[a]ny documents depicting, evidencing, concerning or relating to the corporate relationship between Family Care Plus, LLC and Family Care

8

> Visiting Nurse and Home Care Agency, LLC from January 2006 to present, including but not limited to documents depicting or relating to the ownership interests for each company."

If there are any documents that would be responsive to Document Request No. 39, defendants will produce them to the Court for in camera review.

The Court will determine if the plaintiff is entitled to disclosure of documents produced as evidence to support her allegation that defendants are in fact a single entity.

Compliance with discovery ordered by the Court shall be made within ten (10) days of the filing of this ruling and order. D. Conn. L. Civ. R. 37 (a)(5).

This is not a recommended ruling. This is a discovery ruling and order which is reviewable pursuant to the "clearly erroneous" statutory standard of review. 28 U.S.C. § 636 (b)(1)(A); Fed. R. Civ. P. 6(a), 6(e) and 72(a); and Rule 2 of the Local Rules for United States Magistrate Judges. As such, it is an order of the Court unless reversed or modified by the district judge upon motion timely made.

ENTERED at Bridgeport this 10th day of December 2008.

```
        /s/
HOLLY B. FITZSIMMONS
UNITED STATES MAGISTRATE JUDGE
```