```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT
                                    :
LISA HALL                           :
                                    :
        v.                          :    CIV. NO. 3:07CV911 (JCH)
                                    :
FAMILY CARE VISITING NURSE,         :
AND HOME CARE AGENCY, LLC           :
AND FAMILY CARE PLUS, LLC           :
```

RULING ON MOTION FOR RECONSIDERATION [DOC. #80] and

Motion for Protective Order [Doc. #83]

The Court heard argument on September 8, 2008 and issued a ruling on Plaintiff's Motion to Compel [Doc. #41]. In its ruling, the Court failed to address Plaintiff's Second Request for Production dated April 10, 2008 and plaintiff moves for reconsideration. Plaintiff's Motion for Reconsideration **[Doc. #80]** is **GRANTED** and the Court rules as follows.

**Plaintiff's Second Request for Production [Doc. #41]**

Plaintiff seeks full responses to all of Plaintiff's Second Request for Production dated April 10, 2008.

> Document Request No. 1 seeks, "[d]efendant's income statements for the past five years."
>
> Document Request No. 2 seeks, "[d]efendant's balance sheets for the past five years."
>
> Document Request No. 3 seeks, "[a]ny audited or unaudited financial statements of defendant for the past five years."

The Court finds Document Request Nos. 1, 2 and 3 relevant to the instant action and defendant is to provide the responsive documents to the Court for in camera review.

1

> Document Request No. 4 seeks, "[a]ll organizational charts for either defendant depicting or evidencing the managerial structure of each defendant from 2002 to date."

Defendants have provided plaintiff with an organizational chart for FCVN. Defendants have been ordered to provide the Court with any additional documents responsive to review in camera. *See* Ruling on Pending Motions 12/10/08 [Doc. #77.]

> Document Request No. 5 seeks, "[d]ocuments evidencing any monetary or property transfers or loans between defendants or from defendants to their members, or vice versa."

> Document Request No. 6 seeks, "[a]ll loan documents in which defendant is a party."

> Document Request No. 8 seeks, "[a]ny and all loan applications submitted by defendant."

If there are any responsive documents to Document Request Nos. 5, 6 and 8, the proposed redactions are to be provided to the Court to review in camera.

> Document Request No. 7 seeks, "[a]ll of defendant's tax returns for the past three years."

Defendants will produce any tax returns for the past three years. If defendants wish to redact any portion of the tax returns, the proposed redactions may be submitted to the Court for review prior to production to plaintiff.

> Document Request No. 9 seeks, "[t]he corporate books and records of each defendant, including any minutes of shareholder, member or Board meetings, any resolutions, evidence of any transfers, bylaws and declarations."

> Document Request No. 10 seeks, "[c]opies of any warrants, stock options or stock awards made by defendant over the past five years."

> Document Request No. 11 seeks, "[a]ll documents reflecting ownership or change of ownership for the past five years for each defendant."
>
> Document Request No. 12 seeks, "[a]ll government filings referencing the business of defendant."
>
> Document Request No. 13 seeks, "[a]ll documents which reflect the members of the management of either defendant over the past five years."

The Court finds the documents sought in Document Request No.9; relevant, however, the Court narrows the request to documents within the past five years.  Defendants will produce any documents which are responsive to Document Request Nos. 10, 11, 12 and 13.  All documents responsive to Document Request Nos. 9, 10, 11, 12 and 13 are to be produced to the Court for in camera review.

The Court will determine if the plaintiff is entitled to disclosure of documents produced, as evidence to support her allegation that defendants are in fact a single entity.

**Motion to Modify Protective Order [Doc. #83]**

The Court (Hall, J.) entered a protective order on October 18, 2007. [Doc. #26].  Plaintiff seeks a modification of the order to include a designation of "Attorney's Eyes Only" [Doc. #83].[1]

---

[1] In its ruling dated December 10, 2008, the Court ordered plaintiff to produce the Settlement Agreement between Ms. Hall and "Company X," and answer questions about her termination. [Doc. #77.]  The parties were ordered to provide a proposed protective order. [Id.]

3

Ms. Hall believes an "Attorney's Eyes Only" designation is an appropriate designation to be applied to the Settlement Agreement and any information regarding the circumstances regarding her termination from "Company X."  Defendants object to plaintiff's proposed modification to the Protective Order on the grounds that they believe an "Attorney's Eyes Only" designation is not warranted.  In addition, defendants claim that they need to be able to disclose and discuss the terms of the Settlement Agreement and any testimony related to Ms. Hall's termination from "Company X" with their clients in order to successfully defend them in this litigation.

Plaintiff contends that once Ms. Hall testifies as to the circumstances surrounding her termination from "Company X," it will become clear that the termination is irrelevant to defendants' defense.  As such, the Court finds that the terms of the agreement do not need to be disclosed to the defendants at this time.  If, however, defense counsel believes that information in the Agreement or circumstances surrounding plaintiff's termination from "Company X" is relevant, counsel may challenge the attorney's eyes only designation, or ask that it be lifted.

Accordingly, plaintiff's Motion to Modify Protective Order [Doc. #83] is **GRANTED**.

Compliance with discovery ordered by the Court shall be made within ten (10) days of the filing of this ruling and order. D. Conn. L. Civ. R. 37 (a)(5).

This is not a recommended ruling.  This is a discovery ruling and order which is reviewable pursuant to the "clearly erroneous" statutory standard of review.  28 U.S.C. § 636

(b)(1)(A); Fed. R. Civ. P. 6(a), 6(e) and 72(a); and Rule 2 of the Local Rules for United States Magistrate Judges.  As such, it is an order of the Court unless reversed or modified by the district judge upon motion timely made.

ENTERED at Bridgeport this 22nd day of January 2009.

_____/s/_____
HOLLY B. FITZSIMMONS
UNITED STATES MAGISTRATE JUDGE