UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| LISA HALL, : | |
|     Plaintiff, : | |
| : | CIVIL ACTION NO. |
| v. : | 3-07-cv-0911 (JCH) |
| : | |
| FAMILY CARE HOME VISITING : | |
| NURSE AND HOME CARE AGENCY, : | |
| LLC, : | APRIL 12, 2010 |
|     Defendant. : | |

**RULING RE: MOTION FOR RECONSIDERATION (Doc. No. 129)**

The defendant, Family Care Visiting Nurse and Home Care Agency, LLC ("FCVN"), moves the court to reconsider its Ruling on its Motion for Summary Judgment. See Mot. for Reconsideration (Doc. No. 129). The basis for FCVN's Motion is that reconsideration is appropriate because the court overlooked controlling law and material facts in its Ruling. Plaintiff Lisa Hall opposes the Motion for Reconsideration, stating that FCVN's grounds for reconsideration do not meet the strict standard required to grant such a motion. See Pl.'s Opp. to Def.'s Mot. for Reconsideration ("Pl.'s Opp.") (Doc. No. 130). For the reasons that follow, the court grants the Motion for Reconsideration.

**I.  STANDARD OF REVIEW**

The standard for a motion for reconsideration is strict. See Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995). Such a motion should not be granted where the moving party seeks solely to relitigate an issue already decided. See id. Reconsideration is proper, however, if "the moving party can point to controlling decisions or data that the court overlooked—matters, in other

1

words, that might reasonably be expected to alter the conclusion reached by the court." See id.  There are three grounds that justify granting a motion for reconsideration: (1) an intervening change in controlling law; (2) the availability of newly discovered evidence; and (3) the need to correct clear error or prevent manifest injustice.  Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992).  That the court overlooked controlling law or material facts may also entitle a party to succeed on a motion to reconsider.  See Eisemann v. Greene, 204 F.3d 393, 395 n.2 (2d Cir. 2000) (per curiam).

## II.  DISCUSSION[1]

On March 9, this court issued a Ruling granting in part and denying in part defendants' Motion for Summary Judgment.  See Ruling (Doc. No. 128).  The court granted summary judgment on Hall's retaliation claims but denied them as to the claims of pregnancy discrimination.  FCVN now moves the court to reconsider that Ruling, arguing that it was clear error for the court to fail to address FCVN's argument that Hall failed to mitigate her damages.  See Mot. for Reconsideration at 1.  Indeed, FCVN is correct in asserting that the court did not address this issue in its Ruling, and this was clear error.  Therefore, the court grants FCVN's Motion for Reconsideration.  However, the court does not agree with FCVN that, in reconsidering the issue, the court should arrive at a different overall conclusion.

In general, "[v]ictims of employment discrimination are required to mitigate

---

[1]  The court assumes familiarity with the facts and procedural posture of the case.  See Ruling (Doc. No. 127).

their damages." See Greenway v. Buffalo Hilton Hotel, 143 F.3d 47, 53 (2d Cir. 1998).  Employers "bear[] the burden of demonstrating that [the] plaintiff has failed to satisfy the duty to mitigate." See Broadnax v. City of New Haven, 415 F.3d 265, 268 (2d Cir. 2005).  The defendant can meet this burden by establishing: "(1) that suitable work existed, and (2) that the employee did not make reasonable efforts to obtain it." See id.  However, an employer is released from that duty if "it can prove that the employee made no reasonable efforts to see to seek such employment." See Greenway, 143 F.3d at 54.  FCVN argues that it provided the court with evidence from a vocational expert witness that there were jobs available to Hall in the time she was seeking employment.  See Def.'s Mem. in Supp. of Mot. for Summ. J. ("Def.'s Mem.") at 37.  In the alternative, FCVN argues that Hall made no reasonable efforts to find work.  See id. at 38.

An employee's obligation to mitigate her damages "is not onerous and does not require her to be successful" in seeking a new job.  See Hawkins v. 1115 Legal Serv. Care, 163 F.3d 684, 695 (2d Cir. 1998).  This obligation is a limited one.  An employee need not go into another line of work, accept a demotion, or take a demeaning position.  See id. at 696.  Reasonable mitigating actions by an employee may include "an earnest search for better employment" or even self-employment, "if it is undertaken in good faith and is a reasonable alternative to seeking comparable employment." See id.  The question whether an employee has made reasonably diligent efforts is one of fact for the jury.  See id.

FCVN argues that Hall made no reasonable efforts to seek another job. It argues that Hall did not apply for a single job after her termination from FCVN, and that she spoke to only one potential employer since her termination. See L.R. 56(a)(1) Stmt. at ¶ 36 (Doc. No. 105). FCVN notes that, while Hall sent out form letters to people she knew in the industry, she did not follow up on those letters with any affirmative action. See id. at ¶ 37. Finally, FCVN highlights Hall's testimony that she was only looking for a job that would be "appropriate for [her] lifestyle:" that is, one that was not 9-to-5 and would allow her "a little flexibility." See id. at ¶ 36, 38. FCVN argues that this evidence demonstrates that Hall has "made no reasonable efforts to find other suitable employment" and thus has failed to mitigate her damages. See Def.'s Mem. at 40.

Hall disputes FCVN's argument. She argues that she made a diligent job search, by posting her resume on Monster.com, reviewing want-ads, making phone calls, and sending letters to people that she knew in the industry. See L.R. 56(a)(2) Stmt. at ¶ 37. Hall states that childcare costs for her twins can run up to $3,000 per month, which she needed to take into account when searching for a new job. See Hall Stmt. of Disputed Issues of Fact at ¶ 25. Therefore, she was hoping to find a job that would allow her some flexibility in her schedule or the ability to work from home. See id. However, she was unsuccessful. After searching for a year, Hall instead decided to focus on assisting her husband with his small business. See id. Hall's husband is the co-owner of Quantum Benefits, a boutique benefits agency. See Affidavit of Joseph B. Hall ("Joseph Hall Aff."), Ex. A to Pl.'s Mem. in Opp. of Def.'s Mot. for Summ. J. ("Pl.'s Opp."),

4

at ¶¶ 4, 7. (Doc. No.110).  According to Hall's husband, Hall's assistance of making calls, scheduling appointments, and generating leads has led to the execution of 18 new contracts for Quantum Benefits, which has translated into over $9,000 in household income for the Halls per year.  See id. at ¶ 7.  Hall is not on the payroll of her husband's business.  See id.

An inquiry into the reasonableness of a plaintiff's efforts to mitigate damages includes "a consideration of such factors as the individual characteristics of the claimant and the job market, as well as the quantity and quality of the particular measures undertaken by the plaintiff to obtain alternate work."  See Dailey v. Societe Generale, 108 F.3d 451, 456 (2d Cir. 1997). During the time period Hall alleges she was searching for work outside the home, she was pregnant with twins, or had newborn twins.  Considering an employee's limited obligation to mitigate damages, which includes an opportunity for self-employment, as well as the potential limitations in finding employment Hall's pregnancy and childcare issues may have caused, this court believes that a reasonable jury could find that Hall's efforts to find work were reasonable. Based on the evidence before it, there is at least a genuine issue of material fact with regard to whether Hall made reasonable efforts to obtain suitable work, which should be left for a jury to decide.  Therefore, summary judgment cannot be granted the ground that Hall failed to mitigate her damages.

### III.    CONCLUSION

For the forgoing reasons, the court **GRANTS** FCVN's Motion for Reconsideration (Doc. No. 129) so that the court can correct the clear error it

made in not specifically considering FCVN's arguments regarding mitigation.  In reconsidering its Ruling, the court incorporates its analysis above on mitigation of damages, but declines to amend the outcome of its Ruling on the defendant's Motion for Summary Judgment.

**SO ORDERED.**

    Dated at Bridgeport, Connecticut this 12th day of April, 2010.

                                        /s/ Janet C. Hall  
                                        Janet C.  Hall  
                                        United States District Judge